**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1172**

_____

CEDAR COAL COMPANY,

        Petitioner,

   and

AMERICAN ELECTRIC CORPORATION,

      v.

NOEL HOLCOMB; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

        Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.  (20-0517 BLA)

_____

Submitted:  May 30, 2023                                    Decided:  August 10, 2023

_____

Before DIAZ, Chief Judge, NIEMEYER, Circuit Judge, and FLOYD, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:** Mark J. Grigoraci, ROBINSON & MCELWEE, PLLC, Charleston, West Virginia, for Petitioner.  Timothy C. MacDonnell, Lane David, Advanced Administrative Litigation Clinic, WASHINTON AND LEE UNIVERSITY SCHOOL OF LAW,

Lexington, Virginia, for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedar Coal Company ("Employer") petitions this court for review of the Benefits Review Board's (BRB) decision affirming the Administrative Law Judge's (ALJ) award of benefits to Noel Holcomb ("Claimant") under the Black Lung Benefits Act. Employer contends that substantial evidence does not support the ALJ's conclusions that Claimant established that he had legal pneumoconiosis and that coal mine dust caused his pneumoconiosis.

Our review of the BRB's decision upholding an award of benefits is limited to considering "whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [BRB] and ALJ are rational and consistent with applicable law." *W. Va. CWP Fund v. Dir., Off. of Workers' Comp. Programs*, 880 F.3d 691, 697 (4th Cir. 2018) (internal quotation marks omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (internal quotation marks omitted). "To determine whether this standard has been met, we consider whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained h[er] rationale in crediting certain evidence." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted). "We review the legal conclusions of the [BRB] and the ALJ de novo." *Harman Mining Co. v. Dir., Off. of Workers' Comp. Programs*, 678 F.3d 305, 310 (4th Cir. 2012).

To receive benefits under the Act, Claimant had to prove that (1) he has pneumoconiosis (i.e., black lung disease); (2) it arose from his coal mine employment; (3)

3

he has a totally disabling respiratory or pulmonary impairment; and (4) his pneumoconiosis contributes to his disabling impairment. *See Westmoreland Coal Co. v. Stallard*, 876 F.3d 663, 667 (4th Cir. 2017); 20 C.F.R. §§ 718.202, 718.203, 718.204, 725.202(d). A miner can demonstrate that he suffers from either clinical pneumoconiosis or legal pneumoconiosis. *Westmoreland Coal Co.*, 876 F.3d at 667. Legal pneumoconiosis is a classification that includes "any chronic lung disease or impairment" arising out of coal mining employment. 20 C.F.R. § 718.201(a); *see Sea "B" Mining Co.*, 831 F.3d at 248. The regulations provide that "arising out of coal mining employment includes any chronic pulmonary disease or respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment." 20 C.F.R. § 718.201(b). A miner is considered totally disabled due to pneumoconiosis if the pneumoconiosis "is a substantially contributing cause of the miner's totally disabling respiratory or pulmonary impairment." 20 C.F.R. § 718.204(c)(1).

Employer contends that the ALJ's conclusion that Claimant established legal pneumoconiosis is undermined by the ALJ's analysis of the medical evidence submitted. We have reviewed the record and conclude that the ALJ adequately analyzed the medical evidence and explained her reasoning in crediting and discrediting certain portions of it, and that her conclusions are supported by substantial evidence.* Next, Employer argues that the ALJ's conclusion that a causal relationship exists between pneumoconiosis and

---

* Because we conclude that the ALJ's conclusion on legal pneumoconiosis is supported by substantial evidence, we do not address Employer's contention that Claimant failed to establish clinical pneumoconiosis.

4

coal mine employment is not supported by substantial evidence.  However, our review of the record reflects that the ALJ's conclusion is also supported by substantial evidence on this point.

Accordingly, we deny Employer's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*